UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:10-CV-00095-KKC

ANDREW GROSS, III,                                                                    PETITIONER

v.                              **MEMORANDUM OPINION AND ORDER**

DAVID BERKEBILE, Warden,                                                          RESPONDENT

\*\*   \*\*   \*\*   \*\*   \*\*

Petitioner Andrew Gross, III ("Gross"), an inmate at the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 2], and has paid the $5.00 filing fee. Gross challenges the manner in which the Federal Bureau of Prisons ("BOP") has calculated the expiration date of his present federal sentence and claims that he is entitled to additional jail-time credit on his sentence. Additionally, Gross amended his habeas petition to assert a claim that he is entitled to serve the remainder of his sentence in a Community Corrections Center ("CCC) or Residential Reentry Center ("RRC").

The Court reviews a § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed thereto that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). The Court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Upon review of this matter, the Court concludes that Gross is not entitled to any additional jail time credit and has no right to serve the remainder of his sentence in a CCC or RRC. For these reasons, the Court will dismiss his § 2241 petition. The rationale for this decision is set out below.

## CLAIMS ASSERTED

Gross alleges that the BOP has failed to credit his present federal sentence with the amount of pre-conviction time he spent in custody prior to imposition of this sentence. As grounds for this argument, Gross refers to Title 18 U.S.C. § 3585(b). Gross contends that if the BOP had correctly calculated his present sentence, he would be entitled to immediate release from custody. Additionally, Gross claims that he is entitled to placement in a CCC or RRC for the remainder of his sentence.

A brief chronological review of Gross's convictions and his respective sentences is necessary in order to properly analyze this matter.

## FEDERAL CRIMINAL CONVICTIONS

**1.      Case No. 01-80769**

On September 12, 2001, Gross was indicted by a federal grand jury in the United States District Court for the Eastern District of Michigan in a multi-count indictment for mail fraud, credit card fraud, and identity theft. Gross was arraigned on September 17, 2001, and was released on bond. Subsequently, on February 7, 2002, a First Superseding Indictment was returned against him, adding six counts of credit card fraud and one count of identity theft.

On March 15, 2002, on motion of the United States, Gross's bond was revoked, and he was remanded to custody pending trial. On April 17, 2002, a jury found Gross guilty of seven counts of mail fraud in violation of 18 U.S.C. § 1341, six counts of credit card fraud in violation of 28

U.S.C. § 1029(a)(2), and one count of identity theft in violation of 18 U.S.C. § 1028(a)(7). On July 23, 2002, the court sentenced Gross to a total of eighty-four (84) months of imprisonment in Case No. 01-80769. Gross advises that the BOP gave him a projected release date of October 9, 2007, on this sentence. See Petition, page 2 [D.E. 2].

**2.    Case No. 02-80163**

On March 11, 2002, prior to the revocation of his bond in Case No. 01-80769, Gross was arrested on a complaint charging him with violations of 18 U.S.C. § 513, offenses for which he was subsequently indicted, and was detained in custody. On March 19, 2002, Gross was indicted by a federal grand jury in the United States District Court for the Eastern District of Michigan in a four-count indictment for dealing in counterfeit securities, in violation of 18 U.S.C. § 513, in Case No. 02-80163.[1] Ultimately, Gross entered into a plea agreement with the United States and pled guilty to Count 11of the second superseding indictment, with all other counts being dismissed on motion of the United States.

On February 12, 2003, the court sentenced Gross to 120-month sentence of imprisonment in Case No. 02-80163, to be served consecutively to the 84-month sentence he received in Case No. 01-80769. Gross appealed his conviction and sentence to the Sixth Circuit Court of Appeals. On August 5, 2005, the Sixth Circuit affirmed his conviction but remanded the case for resentencing pursuant to *United States v. Booker*, 125 S.Ct. 738 (2005). On February 15, 2006, the district court resentenced Gross, in compliance with the remand from the Sixth Circuit, and imposed the same

---

[1] To be clear, chronologically, first Gross was arrested and detained on March 11, 2002, on the complaint charges that later became Case No. 02-80163; however, at that time, he was on bond in regards to Case No. 01-80769, and on March 15, 2002, his bond was revoked on the charges lodged against him in Case No. 01-80769.

120-month sentence previously imposed on February 12, 2003, to be served consecutively to the 84-month sentence Gross received in Case No. 01-80769. Given that his projected release date on the 84-month sentence was October 9, 2007, Gross's 120-month consecutive sentence would have commenced on October 9, 2007.

## ANALYSIS

The Attorney General has delegated to the BOP the authority to compute federal sentences for offenses committed on or after November 1, 1987. *See* 18 U.S.C. § 3585; 28 C.F.R. § 0.96 (1992); *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *United States v. Brann*, 990 F.2d 98, 103-04 (3d Cir.1993). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of two factors: (1) the date on which the federal sentence commences, and (2) the extent to which credit may be awarded for time spent in custody prior to the commencement of the sentence. Specifically, Section 3585 provides as follows:

> (a) Commencement of sentence.-A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(a), (b) (emphasis added).

BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and the provisions of 18 U.S.C. § 3585(a) clearly provide that a federal sentence of imprisonment cannot commence earlier than the date it is imposed.

> As a general rule, a term of incarceration commences on the date that the BOP takes custody of the prisoner to commence service of his federal sentence. 18 U.S.C. § 3585(a).

*Blecher v. E.K. Cauley*, No. 08-132, 2009 WL 464932 *2 (E.D. Ky., Feb. 24, 2009). The *Blecher* court further explained that the Sixth Circuit has held that any attempt to "adjust" the commencement date of a federal sentence would violate 18 U.S.C. § 3585(a) [*Id.*]

However, there are three ways that an inmate can accrue federal jail credit. *See Stackpole v. Williamson*, No. 3:07-0396, 2007 WL 2207866, at *3 (M.D.Pa. July 30, 2007). The first is credit for time spent in custody while actually serving a federal sentence. The second is credit for prior custody under § 3585(b). The third is credit for time spent in non-federal, pre-sentence custody during which the inmate is denied bail because of a federal detainer.

In the present action, Gross appears to be claiming that he is entitled to "pre-conviction" jail-time credit on the 120-month consecutive sentence that was imposed in Case No. 02-80163 for the period of time from March 11, 2002, the date he was arrested on the charges pertaining to that case, until the date of actual conviction, *viz.*, his original sentencing date in that case, February 12, 2003, which would be approximately eleven (11) months of jail-time credit. Gross contends that the BOP has erred by not crediting his 120-month consecutive sentence with this amount of time. He further argues that this sentence should have commenced, at the latest, on February 12, 2003, the date it was imposed. See Petition, page 4 [D.E. 2].

**A.     Commencement date of 120-month consecutive sentence**

As noted above, BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and the provisions of 18 U.S.C. § 3585(a) clearly provide that a federal sentence of imprisonment cannot commence earlier than the date it is imposed. Thus, without considering any other factors, the earliest date Petitioner's 120-month sentence could have commenced would have been February 12, 2003, his date of sentencing, with Gross being given jail-time credit for time spent in custody prior to February 12, 2003. However, since the 120-month sentence is a *consecutive* sentence, to be served at the expiration of the 84-month sentence, it would not have commenced until Gross had completed service of the preceding 84-month sentence. To reiterate, his projected release date on the 84-month sentence was October 9, 2007; therefore, the 120-month, consecutive sentence did not commence until October 9, 2007.

Petitioner's argument that his 120-month consecutive sentence should have commenced on the date of sentencing, February 12, 2003, is clearly without merit because it is a *consecutive* sentence, which necessarily delays the commencement thereof until the expiration of the 84-month sentence imposed on the 2001 case. Gross's argument would have merit only if the 120-month sentence had been a *concurrent* sentence, rather than a *consecutive* sentence.

**B.     Double credit**

In his petition, Gross acknowledges that he received jail-time credit on the 2001 case from March 11, 2002, until July 23, 2002, the date of his sentencing in the 2001 case. Nevertheless, Gross asserts that he is also entitled to jail-time credit on the 120-month, consecutive sentence imposed in the 2002 case beginning on March 11, 2002, the date of his arrest on the charges in the 2002 case (Case No. 02-80163).

6

Had Gross not received jail-time credit on his 84-month sentence in the 2001 case, his argument would have merit. Such sentence credit is authorized by 18 U.S.C. § 3585(b). However, since the time Gross spent in custody following his arrest on March 11, 2001, was credited to his 84-month sentence, this time can not also be credited to his 120-month sentence, as "double credit" is prohibited. Since 1987, awarding a prisoner with "double credit" for time credited toward another sentence is specifically prohibited by 18 U.S.C. § 3585(b). Therefore, Petitioner's claim that he is entitled to jail-time credit on the 120-month sentence beginning on the date of his arrest, March 11, 2002, is without merit.

## C.     Placement in a Community Corrections Center/Residential Reentry Center

Gross claims that he is entitled to serve the remainder of his sentence in a CCC or RRC. Pursuant to 18 U.S.C. § 3621, the BOP has the discretion to place a prisoner at its choice of institution and/or transfer a prisoner between institutions while the prisoner is in custody of the BOP. Specifically, 18 U.S.C. § 3621(b) provides, as follows:

> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>     (A) concerning the purposes for which the sentence to imprisonment
>     was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as
>     appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. **Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person**.

18 U.S.C. § 3621(b). (emphasis added).

Assuming the correctness of Gross's statement that the BOP gave him a projected release date of October 9, 2007, on the 2001 case, he is currently serving the 120-month, consecutive sentence imposed in the 2002 case (No. 02-80163). The Judgment in that case states in pertinent part, as follows:

> . . . The Court recommends placement in maximum security prison and closely monitored as Court feels he is a danger to not only other inmates but also Bureau of Prisons personnel, because of his lack of regard for truth and his ability to manipulate any situation.

Judgment in a Criminal Case, page 2 [Docket Entry #38].

Thus, there is no support for Gross's statement that the trial court recommended that he serve his sentence in a CCC or RRC. Further, even if by chance the trial court did make such a recommendation verbally at sentencing that was omitted from the written Judgment, it is clear from 18 U.S.C. § 3621(b) that the BOP is not bound by any such recommendation. Consequently, Gross's claim that he is entitled to placement in a CCC or RRC is without merit.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The habeas petition filed by Andrew Gross, III, pursuant to 28 U.S.C. § 2241, [D. E. 2]

is **DENIED;**

(2) This action is **DISMISSED WITH PREJUDICE**; and,

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent, David Berkebile, Warden.

Signed By:
Karen K. Caldwell  KKC
United States District Judge